GEORGE B. BREWER, SARA H. BREWER DOWNING, FRED-
ERICK W. BREWER, AND GERTRUDE BEE BREWER,
PLAINTIFFS, v. ALONZO PORCH, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided November 23, 1966.

Mr. Bertram R. B. Aitken and Mr. David L. Horuvitz, co-counsel for plaintiffs.

Mr. Herbert H. Butler and Mr. Louis B. Le Duc, co-counsel for defendant.

WICK, J. S. C. This is an action for redemption of a tax sale certificate and a counterclaim to bar the right of redemption. The facts are as follows. Plaintiffs are the surviving heirs-at-law of one Sarah H. Brewer who died intestate June 10, 1948. The said Sarah H. Brewer held legal title to a tract of land consisting of approximately 77½ acres and situate in the Township of Logan, Gloucester County, which land was sold at a tax sale in 1937 and there purchased by the Township of Logan. A tax sale certificate was issued to same.

Defendant, for several years prior to 1937, had leased a number of acres in the tract for farming purposes. Plaintiffs allege that defendant leased all of the lands and that he leased them from Sarah H. Brewer. From the evidence presented it appears that defendant leased only a small portion of the land and that the agreement was with one of the plaintiffs, George B. Brewer, a son of Sarah H. Brewer, though title was in Sarah H. Brewer's name.

After the tax sale in 1937 defendant leased the entire tract from the Logan Township Committee and paid the taxes thereon. The records of the township show that these payments were made by crediting rent owed to Sarah H. Brewer. However, the record seems clear that defendant never entered a lease agreement with Sarah H. Brewer, nor did he lease the lands from George B. Brewer after 1937. This, coupled with the fact that plaintiffs have failed to present any firm proof of such an agreement, leads this court to the conclusion that the notations on the record were due to an erroneous assumption of the entrant.

In 1939 defendant purchased the tax sale certificate from the township and continued to farm the land until 1960, at which time, due to failing health, he abandoned farming and leased the whole tract to a third party for the same purpose. Said third party is not involved in the suit. Defendant paid all taxes on the property up to and including 1964, at which point plaintiffs stepped in and on March 3, 1965 paid to the tax collector of Logan Township $11,916.08, representing the

taxes accrued from October 1939 up to and including February 1965, with interest of 6% and less certain deductions. Plaintiffs then demanded that defendant be informed that the tax sale certificate had been redeemed and that he should surrender same to the tax collector. Defendant refused and this suit was instituted.

Defendant counterclaims that, pursuant to *N. J. S. A.* 54:5–78, plaintiffs' right to redeem has been barred because he had maintained actual possession of the lands under the tax sale certificate for more than 20 years and prays this court to render a decree that the right of redemption is barred. Defendant also raises the defense of adverse possession and laches.

Plaintiffs first argue that *N. J. S. A.* 54:5–78 is inapplicable to the *private* purchaser and that the failure of the Legislature to so limit said section in explicit terms was mere inadvertence, and to support this position they cite the history of *N. J. S. A.* 54:5–50 which, prior to 1929, stated:

"The purchaser may record the certificate of sale in the office of the clerk or register of the county where the land lies as a mortgage of land, and thereupon shall be entitled to the immediate possession of the property sold and described in the certificate, and to all the rents and profits thereof. * * *" (*L.* 1918, *c.* 237, § 34)

In 1929 *section* 34 was amended by *chapter* 169, and the provision for immediate possession was removed. *N. J. S. A.* 54:5–50 is the present version of *section* 34 and reads:

"The purchaser may record the certificate of sale in the office of the clerk or register of deeds of the county in which the land is situate, as a mortgage of land. The register or county clerk, as the case may be, shall index the certificate in his index of mortgages in the name of the delinquent owner, as set forth in the certificate, and shall also index it in a separate block index, to be kept in his office, under the block and lot number as shown in the certificate, if the property is described by lot and block."

Plaintiffs contend that the removal of the clause granting the right to possession, coupled with *N. J. S. A.* 54:5–53.1,

which expressly gives said right to a municipality purchasing at a tax sale, is an implied repealer of *N. J. S. A.* 54:5–78 insofar as it gives the right of possession to a private purchaser.

Nor do plaintiffs stand alone in this contention, as witnessed by the numerous cases cited in their brief. In *Forster v. Davenport,* 128 *N. J. Eq.* 385 *(Ch.* 1940), Vice-Chancellor Stein, after a lengthy discussion of *section* 34 and the amendments thereto on up to the present *N. J. S. A.* 54:5–50, concluded:

"This provision [right of possession] is no longer part of our statutory law since 1929 and must be deemed to have been repealed by the amendments herein set forth."

The case of *Diamonde v. Berkeley Township,* 142 *N. J. Eq.* 140 *(Ch.* 1948), relying on the interpretation of *N. J. S. A.* 54:5–50 in the *Forster* case, goes so far as to say that an individual who takes possession under a tax sale certificate is a trespasser and liable for the reasonable rental of the premises.

The Supreme Court in *Nelson v. Naumowicz,* 1 *N. J.* 300 (1949), citing *Forster,* stated that "the statute did not confer a right of possession upon the individual holder of a tax sale certificate."

Under ordinary circumstances the above would be dispositive of the case at bar. However, we are in an area where legislation has been the result of piecemeal efforts to deal with specific problems as they arose, *Dvorkin v. Dover Township,* 29 *N. J.* 303 (1959), and where "the respective rights of the holders of such municipal liens arise solely out of and are fixed and determined by the Tax Act." *Absecon Land Co. v. Keernes,* 101 *N. J. Eq.* 227 *(E. & A.* 1927); *Nelson v. Naumowicz, Dvorkin v. Dover Township, Forster v. Davenport, all supra.*

Defendant has raised several serious questions as to the efficacy of the prior interpretation of *N. J. S. A.* 54:5–50

which militate against the denial of the right to possession of an individual tax sale certificate holder.

*N. J. S. A.* 54:5–79 deals with the procedure which must be followed to avoid the voiding of a tax sale certificate:

"The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of 20 years from the date of the sale, unless the purchaser, *his heirs or assigns* shall, before the expiration of that term, enter into actual possession of the land purchased, *or* foreclose the right to redeem it by notice or by a civil action in the nature of a proceeding in equity and record the evidence thereof, as provided in this chapter; provided, however, that this act shall not apply to titles acquired by a municipality under certificates of tax sales purchased *and held* by it at tax sales conducted therein which titles so acquired and certificates of tax sales are hereby expressly exempted from said limitation period of 20 years." (Emphasis added)

It might be noted that the proviso clause of this section is a perfect example of what Justice Burling meant when he referred to the tax act as piecemeal legislation. It is an apparent attempt to correct the situation which occurred in the case of *Iorio v. Rothenbach,* 38 *N. J. Super.* 451 (*Ch. Div.* 1955). In that case the Borough of Emerson's foreclosure of a tax sale certificate in 1943, 24 years after the sale, was declared void. The original amendment had been inserted in 1942, but was held to apply only to certificates whose terms had not expired. The present proviso was added in 1954 and would exempt from the above-mentioned requirements a municipality, such as the Borough of Emerson, which holds the tax sale certificate instead of selling it.

The import of this section is that it creates an anomaly in the law which should not be allowed to continue. *N. J. S. A.* 54:5–79 sets forth two methods whereby the purchaser of a tax sale certificate, his heir or assign, can prevent his interest from lapsing. He can either take actual possession within 20 years or foreclose his interest within 20 years in a civil action in Chancery. The interpretation of *N. J. S. A.* 54:5–50 presently adhered to by the courts of this State effectively

cuts off one of these methods by denying to the purchaser, if an individual, or to his heirs or assigns, the right to take possession, and in one case goes so far as to say that such an individual, his heirs or assigns, who seeks to employ this statutorily approved method, will be liable in damages for trespass. *Dvorkin v. Dover Township, supra.*

Plaintiffs seek to avoid the implications of this section by arguing that it deals only with preserving the right to foreclose and not with foreclosure by continuous possession. But the court in the *Forster* case did not make any such distinction in interpreting *N. J. S. A.* 54:5-50; rather it gave a blanket denial of a right to possession. Nor does this court feel that such a distinction is warranted.

Plaintiffs are thus left in the awkward position of arguing an implied repeal of the right to possession in *N. J. S. A.* 54:5-50 in the face of an explicit grant of this right under *N. J. S. A.* 54:5-79; nor does the proviso clause of *N. J. S. A.* 54:5-79 resolve the situation, for it exempts only the municipal body which purchases and holds, as in the case of *Iorio v. Rothenbach, supra.*

█ It is with a great deal of hesitancy that this court or any court encroaches upon what is believed to be a settled area of the law, but in light of the above this court is drawn to the inevitable conclusion that there is a right to possession in the individual, and that insofar as *Forster v. Davenport, supra,* and any subsequent cases relying thereon, held that no such right existed, they were in error.

█ As defendant points out in his brief, a cardinal rule of statutory construction is that effect be given to all provisions of a statute where possible. *State by Richman v. Sperry & Hutchinson Co.,* 23 *N. J.* 38 (1956); *O'Rourke v. Board of Review,* 24 *N. J.* 607 (1957); *Rainbow Inn, Inc. v. Clayton National Bank,* 86 *N. J. Super.* 13 (*App. Div.* 1964). The construction heretofore placed upon *N. J. S. A.* 54:5-50, as amended, negates one of the procedural remedies approved by *N. J. S. A.* 54:5-79 and limits the class of purchasers who may avail themselves of the procedure granted by *N. J. S. A.*

54:5–78, which section in no way purports to prescribe such a limitation.

■ Plaintiffs then contend that *N. J. S. A.* 54:5–78, which provides for barring the equity of redemption by 20 years' continuous possession, is applicable only to the original purchaser and that defendant, as an assignee of the original purchaser, cannot avail himself of this procedure.

If *N. J. S. A.* 54:5–78 is read in isolation, plaintiffs' point would appear to be well taken. However, this section is merely a part of an over-all scheme whereby the right of redemption may be barred for the purpose of creating a marketable title. *N. J. S. A.* 54:5–77 through 79 sets forth two of the three methods whereby redemption may be barred and must be read *in pari materia. N. J. S. A.* 54:5–77 states that the *holder* of the tax title may within 20 years of the purchase give notice of the right to redeem to all interested parties and inform them that if such right is not exercised within two years of the sale or within six months of service of notice, whichever affords the more time, said right will be barred.

*N. J. S. A.* 54:5–78 states that if the holder fails to avail himself of his remedy under *N. J. S. A.* 54:5–77, redemption may still be barred by the inactivity of the delinquent taxpayer for 20 years after the purchaser has entered into open possession, since continued.

Up to this point it might still be arguable that *N. J. S. A.* 54:5–78 does not apply to an assignee of the purchaser. However, *N. J. S. A.* 54:5–79, which deals with the lapse of the right to bar redemption, states that the right shall be void "unless the *purchaser, his heirs or assigns* shall, before the expiration of that term [20 years from date of sale], enter into actual possession of the land purchased" or foreclose the right. Though this section, as stated heretofore, deals with preserving the right to bar, it evinces a clear understanding on the part of the Legislature that the afore-mentioned methods of barring the right of redemption extended to all proper holders of the certificate—not merely to the purchaser. It should be noted that this conclusion is in perfect

accord with the general principles of the law of assignments. 6 *C. J. S., Assignments* § 85.

Thus, to accept plaintiffs' contention would be to attribute to the Legislature a manifest intent to restrict the normal incidents of assignment law in the area of tax sales. The use of the word *purchaser* alone or in lieu of *holder* in *N. J. S. A.* 54:5–78 is a tenuous foundation on which to premise such an intent in light of the preceding and succeeding sections. Plaintiffs' position becomes even less tenable when we consider that defendant acquired the tax sale certificate pursuant to *N. J. S. A.* 54:5–113, which authorizes a municipality to sell tax certificates acquired by itself to individuals at private sale. Said section has been interpreted to give to the acquiring party all the rights of the municipality. *Dvorkin v. Dover Township, supra; Kerr v. Trescher,* 34 *N. J. Super.* 437 (*Ch. Div.* 1955) ; *Parlo v. Van Horn,* 27 *N. J. Super.* 64 (*Ch. Div.* 1953).

The above-cited cases are also dispositive of plaintiffs' contention that an assignment under *N. J. S. A.* 54:5–113 is subject to the limitation of *N. J. S. A.* 54:5–114.4. In *Kerr v. Trescher, supra,* the court stated:

"The intent of the Legislature to provide three separate and different methods of sale, with different conditions appended and with different rights in the assignee as regards the amount he could receive upon redemption is clearly demonstrated."

*N. J. S. A.* 54:5–114.4 was intended to be a condition upon the two methods of sale set out in *N. J. S. A.* 54:5–114.1, but was never intended to extend to a private sale under *N. J. S. A.* 54:5–113.

Points IV and V of plaintiffs' brief deal with the question of adverse possession. Plaintiffs first argue that *N. J. S. A.* 54:5–78 requires that the certificate holder in possession must prove that his possession is adverse, and secondly, that in the instant case there is insufficient proof of adversity. This court's decision on the latter point makes treatment of the former unnecessary. Hence, without touching upon the pro-

priety of plaintiffs' first contention, suffice it to say that the evidence clearly establishes that defendant's possession was adverse.

■ For possession to be adverse it must be actual and exclusive, adverse and hostile, visible and notorious, continued and uninterrupted. *Wilomay Holding Co. v. Peninsula Land Co.,* 36 *N. J. Super.* 440 (*App. Div.* 1955); *DeBow v. Hatfield,* 35 *N. J. Super.* 291 (*App. Div.* 1955); *Nuzzi v. Corcione,* 139 *N. J. Eq.* 339 (*Ch.* 1947).

■ Plaintiffs question the hostility of defendant's holding of the premises in question and rely on two presumptions in the law to support their position. First, it is argued that where the lands in question are vacant, unimproved and unenclosed, their use is presumed to be permissive and not adverse to the legal owner. *Baker v. Normanoch Ass'n, Inc.,* 25 *N. J.* 407 (1957). Though this is a proper statement of the law, it is inapplicable in the present case. Cultivation is an improvement of land, and it is quite clear from the depositions and testimony that all or a great part of the land here in question was cultivated. As such, the land was improved and the presumption does not apply.

■■ Secondly, plaintiffs argue that where the term of a lease expires and the tenant continues in possession, his possession is presumed to be a tenancy at will with the owner's permission. *Leport v. Todd,* 32 *N. J. L.* 124 (*Sup. Ct.* 1866). In the instant case, had defendant merely continued to till the acreage which he had previously farmed under the agreement with plaintiff George Brewer, this court would feel constrained to apply the above mentioned presumption. But the facts are that after the tax sale in 1937 defendant started to farm the entire tract under his agreement with the township committee, and he continued to so farm the entire tract after he purchased the tax sale certificate from the township. Where a tenant of lands or building space or the like continues to occupy the same after termination of his lease, the presumption of a tenancy at will is well founded and the burden is properly placed on said tenant to

prove the hostility of his continued possession. However, when, as here, the previous tenant of a portion of land assumes dominion over the entire tract of his landlord upon expiration of their agreement, such a situation is wholly inconsistent with a tenancy at will and the presumption should not be invoked.

With these two presumptions removed, it becomes clear from evidence presented that defendant considered himself to be the owner of the land from 1939 on; he farmed the land and accounted to no one for rent or for profits derived therefrom; he paid the taxes thereon; nor have plaintiffs presented this court with any clear evidence that defendant did not hold himself out as the owner. Defendant, in turn, has introduced several witnesses who testified to the effect that they considered him to be the owner and dealt with him on this basis.

This court finds that defendant did maintain actual and exclusive possession of the lands in question for more than 20 years; that said possession was hostile to the interests of Sarah H. Brewer and all who would seek to claim the land thereunder; it was visible due to the normal farming operations carried on by defendant, and was continuous and uninterrupted for the requisite period of time.

A judgment dismissing plaintiffs' action and determining title in defendant will be signed upon presentation.